**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| JESSICA STECHENFINGER : <br> 8445 Misty Shore Drive, : <br> West Chester, Ohio 45069. : <br> : CASE NO. <br> : <br>         Plaintiff, : <br> : HON. <br> -vs- : <br> : <br> AUTHORIZED LENDING, INC. : <br> 2 West Dry Creek Circle, Suite 100 : <br> Littleton, Colorado 80120. : <br> : <br> FIVE LAKES LAW GROUP, PLLC : <br> 26711 Northwestern Highway, Suite 350, : <br> Southfield, MI 48033-2156. : <br> : <br>         Defendants. : | |

**COMPLAINT AND REQUEST FOR DECLARATORY
RELIEF AND JURY DEMAND**

Plaintiff JESSICA STECHENFINGER states the following claims for relief:

**Introduction**

The Fair Credit Reporting Act ("FCRA"), 15 U.S.C, Section 1681b(f) regulates the access and use of consumer reports in order to protect consumer privacy. This case involves the illegal use of and access to the private financial data in the consumer reports of likely tens of thousands of financially distressed consumers. The information was accessed for the illegal purpose of marketing debt settlement and/or consolidation services. Defendants obtained lists of consumer data, lists referred to as "pre-screened lists," including Plaintiff's. Defendants used the lists to market debt settlement services.

The pre-screened lists at issue are compiled by a consumer reporting agency using filters including a base level of unsecured debt balances, a minimum level of unsecured trade lines, and various other filters bearing on a consumer's credit worthiness. The pre-screened lists constitute consumer reports that may only be accessed and used for a permissible purpose. *See*, 15 U.S. C. Section 1681b(f); *See*, *Trans Union v FTC,* 245 F.3d 809 (U.S. App. D.C. 2001).

The pre-screened lists at issue are compiled by a consumer reporting agency using filters including a base level of unsecured debt balances, a minimum level of unsecured trade lines, and various other filters bearing on a consumer's credit worthiness. The pre-screened lists constitute consumer reports that may only be accessed and used for a permissible purpose. *See*, 15 U.S. C. Section 1681b(f); *See*, *Trans Union v FTC,* 245 F.3d 809 (U.S. App. D.C. 2001).

Accordingly, Plaintiff Jessica Stechenfinger brings this action to obtain monetary damages, injunctive relief, attorneys' fees, her costs in this action and any other relief to which he may be entitled to compensate him for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C, §§1681, et seq., ("FCRA") the Ohio Consumer Sales Practices Act, Oh. Rev. Code §§1345.01 to 1345.99 ("OCSPA"), the Equal Credit Opportunity Act, 15 U.S.C §1691 ("ECOA"), fraud, and civil conspiracy all of which were violated as part of a venture to advertise, promote and operate a business of soliciting clients for debt settlement and credit repair.

## Jurisdiction and Venue

1. This Court maintains subject matter jurisdiction pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as further alleged herein.

2. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. § 1367.

3. The transactions and occurrences which give rise to this action occurred in Butler County, Ohio.

4. Venue is proper in the Southern District of Ohio.

5. Defendants regularly engage in business with, and direct business at, Ohio consumers and have otherwise availed themselves of the Ohio marketplace and secured the benefits of that marketplace. Such conduct includes, among other things, holding themselves out as debt settlement and credit repair companies providing services to Ohio residents; directing business solicitations into the State of Ohio, directed at indebted Ohio residents; seeking participation in Defendants' debt settlement and credit repair programs; contracting in Ohio with Ohio consumers for various services including debt settlement and credit repair; offering to perform and/or performing activities for Ohio residents including debt settlement and credit repair functions; and/or contracting for legal services or performing legal services for Ohio consumers.

6. Specifically, all Defendants had actual knowledge or acted with reckless disregard as to the deceptive nature of the mailing, the illegal nature of the data used in the mailing campaign at issue, that a portion of the mailers were directed to Ohio consumers (including Exhibit A), and that the solicitation was an attorney solicitation seeking to retain Ohio clients, including Stechenfinger.

7. All Defendants, acting in concert, conspired to illegally obtain protected consumer reporting data and mail to tens of thousands of Ohioans the illegal solicitations at issue in this Complaint, or substantially similar solicitations.

8. All Defendants intentionally targeted thousands of Ohioans at their residential addresses located in the State of Ohio and knew their conduct would injure these consumers in the State of Ohio.

9. Each Defendant had played a significant and necessary role in the conspiracy described in

this Complaint.

10. This Court has jurisdiction over the parties and the subject matter of this action.

11. The Plaintiff to this lawsuit is Jessica Stechenfinger ("Stechenfinger"), who resides at 8445 Misty Shore Drive, West Chester, Ohio 45069.

12. The Defendants to this lawsuit are as follows:

   a. Authorized Lending, Inc. is a Colorado Corporation doing business in Ohio and maintaining an address at 2 West Dry Creek Circle, Suite 100, Littleton, Colorado 80120 and whose statutory agent is Archer Financial Group, LLC who also maintains its address at 2 West Dry Creek Circle, Suite 100, Littleton, Colorado 80120.

   b. Five Lakes Law Group, PLLC ("Five Lakes") is a professional limited liability company operating from an address at 26711 Northwestern Highway, Suite 350, Southfield, MI 48033-2156 and whose statutory agent is The Corporation Company, which maintains an address at 40600 Ann Arbor Road East, Plymouth, Michigan 48170.

13. For the purposes of this Complaint, unless otherwise indicated, "Defendant" or "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

14. Defendants, acting in concert with each other, unlawfully obtained Stechenfinger's consumer report and used it to illegally obtain information for the purpose of sending deceptive solicitations for debt adjustment/debt settlement and credit repair services. Defendants have misused the illegally obtained data of Plaintiff as well as likely tens of thousands of Ohioans.

15. As such, Plaintiff seeks damages for the harm caused by Defendants' unlawful acts and a declaration that Defendants have acted unlawfully.

## Statement of Facts

16. All named Defendants engaged in a scheme to obtain and use protected consumer reporting data to market debt settlement and credit repair services via mailers directed to Stechenfinger in the State of Ohio.

17. To that end, Authorized Lending, Inc., through an authorized agent, and with the knowledge and at the direction of Five Lakes, compiled or directed an agent to compile a "pre-screened list" containing the names and addresses of consumers in financial distress.

18. Authorized Lending, Inc. obtained and used these pre-screened lists containing the names and addresses of consumers who met certain criteria such as minimum debt balances or high interest rates, etc.; Stechenfinger was on at least one of these lists.

19. These lists are compiled by a consumer reporting agency using the filters supplied to the consumer reporting agency by Beyond Finance, LLC/Accredited Debt Relief's marketing agent.

20. The lists constitute consumer reports under the FCRA.

21. The Beyond Finance, LLC/Accredited Debt Relief then arranged for the preparation and mass mailing of marketing letters to the consumers on the pre-screened lists obtained from the consumer reporting agency.

22. Stechenfinger received one of the mailed solicitations, which is attached as Exhibit A and incorporated herein.

23. Defendants' representations on the mailer, and during the debt settlement pitch in response to the mailer provides proof the mailer was populated with data from a consumer report. Some of the relevant language is as follows:

(a)     On the back of the mailer, The Lending Team Corp./DC Loans provides the standard prescreen and opt out language stating: "**PRESCREEN & OPT-OUT NOTICE:** This 'prescreened' offer of credit is based on information in your credit report indicating that you meet certain criteria."

(b)     Likewise, on the front of the mailer is the short version of the prescreen and opt out notice.

(c)     The front of the mailer states Stechenfinger is "pre-approved" at least two times implying there was some criteria used to evaluate Stechenfinger's eligibility prior to sending the mailer.

(d)     In the fine print on the back of the mailer, The Lending Team Corp./DC Loans indicates "[A]ll loans are subject to credit approval and credit history [sic] meet our preestablished credit criteria." The fine print goes on to state, "Current interest rates shown are indicative of market conditions and individual qualifications and will vary upon your loan term, loan type, credit score and loan purpose." However, in order to use prescreened lists, the FCRA requires the eligibility requirement be established prior to obtaining the lists.

24.     On May 1, 2023, Stechenfinger called the phone number listed on the mailed solicitation to apply for a "loan."

25.     Stechenfinger had a conversation with a The Lending Team Corp./DC Loan representative named Joel. Joel indicated his direct telephone number was 949-298-8604.

26.     Joel indicated the mailer Stechenfinger received was for debt consolidation and debt management.

27. Joel indicated he could not find a creditor to give Stechenfinger a loan. However, Joel indicated Five Lakes would administer a debt resolution program on behalf of Stechenfinger.

28. Joel indicated that Five Lakes already works with all of Stechenfinger's creditors and that Stechenfinger would be debt free in five years with no up-front fees if she enrolled in the program with Five Lakes.

29. The Lending Team Corp./DC Loans advertised a consolidation loan in order to entice Stechenfinger to call on the solicitation, but instead marketed debt adjustment or debt settlement products and services. This is the classic and illegal "bait and switch" method of marketing.

30. The Lending Team Corp./DC Loans never intended to offer a loan to Stechenfinger. The solicitation itself was a guise to obtain a targeted list from a consumer reporting agency as it is unlawful to obtain consumer reports for the purpose of marketing debt settlement services.

31. The Lending Team Corp./DC Loans and its co-conspirator Five Lakes could not legally lend Stechenfinger the loan as advertised in the purported firm offer of credit as neither have lending licenses in Ohio that would permit them to do so.

32. At best, The Lending Team Corp./DC Loans attempts to obtain loans on behalf of consumers by sending the lenders consumer information in order for the lender to then make its own decision regarding credit based on a consumer's credit reporting information. This is not a firm offer of credit as defined by the FCRA but simply an effort to obtain a loan on behalf of a consumer.

33. It is unlikely that The Lending Team Corp./DC Loans even made this attempt as Stechenfinger did not receive any notifications from any lenders, including but not limited to, an adverse action letter.

34. All Defendants are necessary components of this conspiracy - The Lending Team Corp./DC Loans obtained the prescreened lists and arranged for the marketing and Five Lakes is the actual end user of the data for Ohio consumers on the list.

35. All Defendants knew, or should have known, that the data used in the marketing originated at a consumer reporting agency.

36. All Defendants knew the solicitation, as it exists and as it is described by The Lending Team Corp./DC Loan, was not a firm offer of credit, and that no Defendants had the intent to honor the loan terms as offered in the mailer.

37. Obtaining and using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

38. Plaintiff did not authorize Defendants to access his consumer report information prior to the mailer being sent to her.

39. Defendants are responsible for any of the actions of its agents under the doctrine of *respondeat superior*.

## COUNT ONE
## Violation of the Fair Credit Reporting Act
## Willful Noncompliance, 15 U.S.C. § 1681n

40. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

41. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c).

42. Defendants, alone or through a marketing agent, obtained information and data on Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. §1681a(f).

43. The marketing agent then disclosed Plaintiff's most private consumer reporting data to Defendants in order to use in Defendants' marketing campaign.

44. All Defendants illegally accessed Plaintiff's consumer report for the purposes of marketing a debt settlement program, and all Defendants knew Stechenfinger, and any reasonable person, would be harmed by this invasion of privacy.

45. The information is therefore a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

46. Defendants willfully obtained and used Plaintiff's consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681n.

47. Defendants willfully obtained and used Plaintiff's consumer reports to utilize the information for marketing debt settlement services. Under section 607 of the Fair Credit Reporting Act, it is clearly stated that the purpose for which a consumer report is sought must be certified, and that it must be further certified that the information will be used for no other purpose 15 U.S.C. § 1681e.

48. Obtaining and using a consumer report for marketing is an impermissible purpose in violation of the FCRA, 15 U.S.C. § 1681b(f).

49. Due to Defendants' conduct, Plaintiff has suffered actual damages by Defendants' invasion of his privacy, including, but not limited to, mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages and embarrassment upon learning that her most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

**COUNT TWO**
**Violation of the Fair Credit Reporting Act**
**Negligent Noncompliance, 15 U.S.C. § 1681o**

50. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

51. Defendants negligently obtained and used Plaintiff's consumer reports without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

52. The information obtained is a "consumer report" as defined by the FCRA, 15 U.S.C. §1681a(d).

53. Defendants negligently obtained and used Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §§ 1681b and 1681o.

54. Due to Defendants' conduct, Plaintiff has suffered actual damages by Defendants' invasion of her privacy, including, but not limited to, mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages, and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information.

**COUNT THREE**
**Violation of the Fair Credit Reporting Act**
**False Pretenses--15 U.S.C. § 1681q**

55. Plaintiff repeats, realleges, and incorporates by reference, as though set forth herein, the prior paragraphs of this Complaint.

56. Defendants accessed Plaintiff's consumer reports under false pretenses.

57. Defendants violated the FCRA by knowingly and willfully procuring information on Plaintiff under false pretenses, 15 U.S.C. § 1681q.

58. 15 U.S.C. § 1681q has a private cause of action under 15 U.S.C. § 1681n.

59. All Defendants acted knowingly and willfully. Defendants' willful conduct is illustrated by the following:

    (a) The FCRA was enacted in 1970; Defendants have had over 50 years to become compliant;

    (b) Defendants violated a clear statutory mandate set forth in 15 U.S.C. § 1681q;

    (c) All Defendants knew that they had no intention of, making a firm offer of credit. Similarly, the individual Defendants knew the consumers responding to the mailers had no business relationship with Defendants, were not being offered a credit transaction, but instead were being offered debt settlement services.

    (d) Defendants systematically procured consumer information without permissible purposes despite myriad statutory text and guidance.

    (e) By adopting such a policy and practice, Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

60. Plaintiff is entitled to Statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A). Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2). Plaintiff is further entitled to recover his costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## COUNT FOUR
### Violations of the Ohio Consumer Sales Practices Act

61. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

62. The interactions between Plaintiff and Defendants were a "consumer transaction" as defined by R.C. § 1345.01(A) as Defendants solicited a service to Plaintiff, an individual, for

purposes that are primarily personal, family or household. Defendants did this by mailing Plaintiff a solicitation to procure her business. The purpose of the mailed solicitation was personal in nature and Defendants solicited Plaintiff to provide her services for her personal debt in exchange for various fees.

63. The mailers sent to Plaintiff as well as the ensuing telephone sales pitch for debt settlement services were riddled with deceptive and fraudulent representations.

64. Defendants are "suppliers" as defined by R.C. § 1345.01(C) as it engaged Plaintiff in the soliciting of a consumer transaction by attempting to procure Plaintiff's business by sending her mailed solicitations in an attempt to provide Plaintiff with debt adjustment/debt settlement services in exchange for various fees.

65. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D) as she engaged in consumer transactions with Defendants, a supplier. Defendants solicited Plaintiff via the mailer attached as Exhibit A to this Complaint and invited her to call.

66. All parties are a "person" as defined by R.C. §1345.01. A person includes an individual, corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership, association, cooperative, or other legal entity. Plaintiff is a person and Defendants, a legal entity, is also a person.

67. Defendants committed material unfair, deceptive, and/or unconscionable acts and practices in connection with a consumer transaction, primarily for personal, family or household purposes, in violation of the Ohio Consumer Sales Practices Act, including, but not limited to:

    (a) Making false or misleading statements to induce a purchaser to pay for services in violation of R.C. § 1345.02(A).

(b)  Knowing of the inability of the consumer to receive a substantial benefit from the subject of the consumer transaction.

(c)  Using a sales presentation which makes the material facts of the offer misleading or conveys or permits an erroneous impression as to the services offered for sale.

(d)  Defendants violated O.A.C. 109:4-3-03(B)(2) and engaged in deceptive acts or practices in connection with a consumer transaction because the first contact it had with Stechenfinger was secured by through deception when Defendants sent a misleading letter to Plaintiff.

(e)  Defendants violated O.A.C. 109:4-3-10(A) and engaged in deceptive acts or practices in connection with a consumer transaction because Defendants made representations, claims, or assertions of fact about the status of Plaintiff's debt balances, monthly payments, interest rates and high balance revolving debt in an effort to convince a reasonable consumer to call immediately and retain Defendants' services.

68.  Plaintiff was in fact deceived by the alleged violations and as a result of the preceding violations by Defendants, Plaintiff has suffered injury in the form of mental and emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages caused by the deceptions in the mailers previously described in this Complaint.

## COUNT FIVE
### Fraud

69.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

70.  Fraudulent conduct has been specifically alleged throughout this Complaint and incorporated into Count Five by reference. Plaintiff specifically relied on the aforementioned representations, misrepresentations, non-disclosures and implied representations when making the

determination whether to contact The Lending Team Corp./DC Loans and provide its co-conspirators with access to her consumer reports and other private financial data.

71. The Defendants' entire scheme is to mislead. It misled the consumer reporting agency by obtaining protected FCRA data under false pretense, and it misled Stechenfinger by tricking her into calling and disclosing additional data under the false pretense of offering a consolidation loan.

72. Specifically, Stechenfinger relied on all representations in Exhibit A in making a determination to call The Lending Team Corp./DC Loans. These representations include, but are not limited to, the fact that he was invited to apply for a consolidation loan, when, in fact, Defendants were only interested in marketing debt settlement services.

73. The Defendants' representations concerning the work it claimed it would perform were made falsely, with knowledge of their falsity, or with such utter disregard and recklessness as to whether the representations were true or false that knowledge may be inferred.

74. The representations were made with the intent of misleading Plaintiff into relying upon them so Defendants could obtain money from Plaintiff, as well as access to her consumer report.

75. Plaintiff was justified in relying upon the Defendants' representations. Plaintiff has been injured by the wrongful and fraudulent conduct of Defendants and has been damaged in an amount to be established at trial, as well as entitled to punitive damages in an amount to be established at trial.

## COUNT SIX
## Civil Conspiracy

76. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

77. The Lending Team Corp./DC Loans conspired with Five Lakes to illegally obtain and use data protected by the FCRA. The Defendants committed further crimes when they conspired to use the illegal data in a deceptive fashion. All Defendants knew the marketing scheme was both

criminally and civilly illegal and they were joint actors and conspirators in the illegal marketing scheme.

78. The combined acts of Defendants have resulted in damages to Plaintiff in the form of an invasion of privacy and the emotional damages resulting from such an invasion.

79. The combination of Defendants' actions and conduct as alleged herein constitute a civil conspiracy by way of an unlawful act independent of the conspiracy, namely fraud and the criminally illegal acts in violation of both the FCRA and the OCSPA resulting in an invasion of privacy.

### COUNT SEVEN
### Violations of the Equal Credit Opportunity Act

80. While Plaintiff does not believe Defendants intended to offer a loan, should Defendants demonstrate they did make a firm offer of credit that was then denied for permissible reasons as outlined in the FCRA, then it violated the Equal Credit Opportunity Act.

81. Defendants are a "creditor" as defined in 15 U.S.C. § 1691a(e) as it extended credit to Stechenfinger via mail; Defendants regularly extend credit and make credit decisions, including rejecting customer credit applications.

82. Stechenfinger is an "applicant" as defined in 15 U.S.C. § 1691a(e) as she applied directly to The Lending Team Corp./DC Loan via telephone following the pre-approved offer that arrived in the mail.

83. The Lending Team Corp./DC Loans and/or its affiliate Five Lakes failed to issue an adverse action notice following the denial of credit to Stechenfinger within 30 days of the denial as stated in Reg. B 12 C.F.R.§ 202.9(a)(1)(i).

84. The foregoing acts and omissions of Defendants constitute a violation of the ECOA.

85. As a result of Defendants' violation of 15 U.S.C §1691 *et seq.*, Stechenfinger is entitled to

an award of up to $10,000.00 in punitive damages for each violation pursuant to 15 U.S.C §1691.

86. Stechenfinger is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## **Prayer for Relief**

ACCORDINGLY, Ms. Stechenfinger requests this Court grant any or all of the following relief:

a. Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.

b. Statutory damages in an amount to be determined at trial.

c. Punitive damages in an amount to be determined at trial.

d. Costs and attorney fees as provided by statute.

e. Declaratory and injunctive relief as appropriate.

f. Any other relief the Court deems just.

Respectfully submitted:

*/s/ Jeremiah E. Heck*
Jeremiah E. Heck (0076742)
David B. Schultz (0077281)
Luftman, Heck & Associates, L.L.P.
6253 Riverside Drive, Suite 200
Dublin, Ohio 43017
Phone: (614) 224-1500
Fax: (614) 224-2894
jheck@lawLH.com
*Attorney for Plaintiff*

*/s/ Brian M. Garvine*
Brian M. Garvine (0068422)
LAW OFFICE OF BRIAN M. GARVINE, LLC
5 East Long Street, Suite 1100
Columbus, Ohio 43215
Tel: (614) 223-0290; Fax: (614) 221-3201
Email: brian@garvinelaw.com
*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff, Jessica Stechenfinger demands trial by jury in this action.

                                           */s/Jeremiah E. Heck*
                                           Jeremiah E. Heck (0076742)

EXHIBIT A



| SAVINGS AVAILABLE | |
|---|---|
| **CURRENT** | |
| Debt Balance | $85,000 |
| Interest Rate | 16% |
| Payment | $2,550 |
| **FLEXIBLE PERSONAL LOAN** | |
| Debt Balance | $90,000 |
| Interest Rate | 4.95% |
| Payment | $1,350 |
| **INITIAL MONTHLY SAVINGS: $1,200** | |
| **INITIAL YEARLY SAVINGS: $14,400** | |

**Authorized Lending**

Offer Code: 0626-01794

Go to your secure website at:
https://Jessica-Stechenfinger.authorizedlending.com
— or —
Call Direct: 888-922-2884

State: OH
Respond By: 7/26/2023

**CONGRATULATIONS, Jessica!**

You have been pre-selected for a Flexible Personal Loan of $90,000 with a rate as low as 4.95%.

Call us at 888-922-2884 today to get funded within 24 hours!

Dear Jessica,
You have been pre-selected for a Flexible Personal Loan. Your Flexible Personal Loan can help you reduce your monthly debt payments or get cash for any purpose.

Choose up to **$90,000** to borrow, there is no collateral required and you can pay it off as quickly as you like because there is no prepayment penalty.

**Convenient** - You are already pre-selected and the process is quick and easy. Funds are wired directly into your bank account.

**Money for Anything** - For example, you can pay off bills and enjoy one lower monthly payment. Or make a large purchase, fix up your home, or even take your family on a much-needed vacation.

---

DOCUMENT HAS A COLORED BACKGROUND. SECURITY FEATURES LISTED ON BACK.

**Authorized Lending**  2 W Dry Creek Cir Suite 100
Littleton, CO 80120

6/21/2023

PAY UP TO: Ninety Thousand Dollars and No Cents

$90,000

NOT NEGOTIABLE. NOT TRANSFERABLE.
NO CASH OR ACTUAL VALUE.

TO THE ORDER OF: Jessica Stechenfinger
8445 Misty Shore Dr
West Chester, OH 45069-9283

3 1791

**888-922-2884**

Authorized Signature
This is not a check



You can choose to stop receiving the "pre-screened" offers of credit from this and other companies by calling toll-free 888-567-8688. See the PRESCREEN & OPT OUT NOTICE on the reverse side for more information about prescreened offers.

2023
PRESORTED
STANDARD
U.S. POSTAGE
PAID
SACRAMENTO, CA
PERMIT NO. 1935
FINANCIAL RELIEF FOR AFFECTED OHIO FAMILIES
To Open This Side – Slide Finger Under This Edge